**DAVID A. DILLARD, CA Bar No. 97515**
ddillard@lrrc.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
**655 N. Central Avenue, Suite 2300**
**Glendale, California 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

Attorneys for Plaintiff,
MOBILE HI-TECH WHEELS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOBILE HI-TECH WHEELS,<br><br>  Plaintiff,<br><br>vs.<br><br>DFD WHEELS,<br><br>  Defendant. | Case No. 2:16-cv-3036<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION** |

I. <u>**JURISDICTION.**</u>

1. This is an action for patent infringement in violation of the patent laws of the United States, 35 U.S.C. § 1, et seq., infringement of an unregistered trademark under 15 U.S.C. § 1125, and unfair competition under the common law of California.

2. Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c)(2), and 1400(b) in that Defendant DFD Wheels is a corporation which is subject to the Court's personal jurisdiction with respect to the present action.

II. <u>**PARTIES.**</u>

3. Plaintiff Mobile Hi-Tech Wheels ("MHT") is a corporation organized and existing under the laws of the State of California having a principal

place of business at 19200 South Reyes Avenue, Rancho Dominguez, California 90221.

4. On information and belief, Defendant DFD Wheels ("DFD") is a corporation organized under the laws of the State of Texas having a principal place of business at 2701 Lucas Drive, Arlington, Texas 76015.

## III. FACTUAL BACKGROUND.

5. Since 1986, MHT has been engaged and is presently engaged in the design and distribution of custom wheels for automobiles. MHT's products are sold to automobile dealers and retail distributors of automobile wheels as well as to ultimate consumers throughout the United States.

6. On October 29, 2012, MHT filed an application, Serial No. 29/435,831, with the United States Patent and Trademark Office ("PTO") to obtain a design patent on a novel design for the front face of a wheel, which wheel MHT sells under the name MAVERICK. The application was filed in the name of Arthur D. Hale, Jr., ("Hale"), the MAVERICK wheel design's inventor, and was assigned to MHT. A patent matured from this application entitled "Vehicle-Wheel Front Face," Patent Number D686,963, issued on July 30, 2013 (the "'963 Patent"). A copy of the '963 Patent is attached hereto as Exhibit A.

7. On October 29, 2012, MHT also filed an application, Serial No. 29/435,827 with the PTO to obtain a design patent on a novel design for a spoke of the MAVERICK wheel. The application was filed in the name of Hale, and was assigned to MHT. A patent matured from this application entitled, "Spoke Segment of a Vehicle Wheel," Patent Number D689,002, issued on September 3, 2013 (the "'002 Patent"). A copy of the '002 Patent is attached hereto as Exhibit B.

8. MHT has sold wheels under the trademark DUB since 2003 and has named one of its lines of wheels DUB. MHT uses its DUB mark both in block

letters and in a distinctive logo. The logo is widely used on MHT's promotional material as well as on the center caps of MHT's DUB line of wheels and represents a valuable goodwill which inures to the benefit of MHT. Printouts showing such use of MHT's DUB logo are attached hereto as Exhibits C and D.

9. Notwithstanding the rights of MHT in its MAVERICK wheel and spoke designs, Defendant DFD has offered for sale and sold vehicle wheels which embody the patented MAVERICK designs. A screen shot from the website of a vendor of DFD showing DFD's infringing wheel is attached hereto as Exhibit E.

10. Notwithstanding the rights of MHT in its DUB logo, DFD sells its wheels with a stylized DFD logo which is a colorable imitation of MHT's DUB logo. A printout showing the DFD logo is attached hereto as Exhibit F.

11. DFD's offer for sale and sale of vehicle wheels which embody MHT's product MAVERICK wheel designs as referenced in Paragraph 10 hereinabove was without the consent or authorization of MHT as was its use of the logo which is confusingly similar to MHT's DUB logo.

12. On December 8, 2014, counsel for MHT sent a letter to DFD demanding that it cease its infringement of MHT's '963 and '002 patents and of the DUB logo. A true copy of MHT's demand letter is attached hereto as Exhibit G. The demand letter was returned to MHT's counsel unopened and marked "THE RECEIVER [DFD WHEELS] REFUSED DELIVERY.

**FIRST CLAIM FOR RELIEF**

(Patent Infringement)

13. Plaintiff repeats and realleges herein the allegations contained in Paragraphs 1 through 12 hereinabove.

14. Defendant DFD has offered for sale and sold in this district and elsewhere in the United States, vehicle wheels which infringe the claims of the '963 and '002 Patents.

15. By their aforesaid acts, Defendant DFD has violated 35 U.S.C. § 271 by its direct infringement of the '963 and '006 Patents and by its acts of inducing others to infringe the '963 and '002 Patents.

16. Plaintiff has been damaged by the aforesaid infringement of the '963 and '002 Patents and will be irreparably damaged unless DFD's infringement is enjoined by this Court. Plaintiff does not have an adequate remedy at law.

17. On information and belief, DFD's infringement of the '963 and '002 Patents was willful.

## SECOND CLAIM FOR RELIEF

**(Infringement of an Unregistered Trademark Under 15 U.S.C. § 1125)**

18. Plaintiff repeats and realleges herein the allegations contained in Paragraphs 1 through 12 hereinabove.

19. Notwithstanding MHT's prior-established use and rights in its DUB logo, Defendant DFD has adopted and used its DFD logo in commerce and in connection with the sale, offering for sale, distribution and/or advertising of vehicle wheels.

20. DFD's logo is confusingly similar in appearance to MHT's DUB logo and DFD's wheels are sold in direct competition with MHT's DUB wheels, often being sold by the same retailers.

21. Defendant DFD's use of the DFD logo in connection with the sale, offering for sale, distribution and/or advertising of vehicle wheels is likely to cause and, on information and belief, has caused and will continue to cause confusion or mistake, and/or deception as to the affiliation, connection and/or association with MHT and its DUB line of vehicles, or as to the origin, sponsorship or approval of DFD's wheels by MHT in violation of 15 U.S.C. § 1125, and infringes MHT's rights in its DUB logo.

22. Defendant's infringement of MHT's DUB logo is detrimental to the

goodwill and business reputation symbolized by MHT's DUB logo.

23. On information and belief, Defendant's acts alleged herein were committed willfully and with knowledge that such unauthorized use of a simulation of MHT's DUB logo was likely to cause confusion, or cause mistake, or deceive purchasers to believe that MHT sponsored, endorsed, or authorized Defendant's wheels. Thus, a finding of an exceptional case within the meaning of 15 U.S.C. § 1117 is warranted.

24. Defendant's willful and deliberate infringement of MHT's DUB logo has caused and continues to cause MHT immediate and irreparable injury and will continue to damage MHT and deceive the public unless enjoined by this court.

25. MHT has no adequate remedy at law as monetary damages are inadequate to compensate MHT for the injuries cause by Defendant.

## **THIRD CLAIM FOR RELIEF**

**(Common Law Unfair Competition)**

26. Plaintiff repeats and realleges herein the allegations contained in Paragraphs 1 through 12 and 18-25 hereinabove.

27. Defendant's use of the DFD logo infringes MHT's exclusive trademark rights in the DUB logo in violation of the common law of California.

28. Defendant's acts alleged above have caused, and if not enjoined, will continue to cause irreparable and continuing harm to MHT's business, reputation, and goodwill. MHT has no adequate remedy at law as monetary damages are inadequate to compensate MHT for the injuries caused by Defendant.

29. As a result of Defendant's acts as alleged above, MHT has incurred damages in an amount to be proven at trial.

30. Defendant's wrongful simulation of the DUB logo is deliberate, willful, and in reckless disregard of MHT's trademark rights, entitling MHT to

the recovery of punitive damages.

WHEREFORE, Plaintiff MHT demands judgment as follows:

1. That this Court adjudge and declare:

    a. that it has jurisdiction of the parties and of the subject matter of this action;

    b. that United States Patent Nos. D686,963 and D689,002 and the DUB logo are valid and owned by MHT;

    c. that Defendant DFD has infringed Plaintiff's patented MAVERICK wheel and spoke designs; and

    d. that Defendant DFD has infringed MHT's DUB logo by its use of the DFD logo.

2. That Defendant DFD be required by mandatory injunction to deliver to MHT for destruction:

    a. any and all wheels in Defendant's possession, custody or control embodying unauthorized use of the designs shown in United States Patent Numbers D686,963 or D689,002, as well as all promotional literature and packaging which display either of the infringing designs; and

    b. any and all uses of the DFD logo including but not limited to vehicle wheel center caps as well as product material and packaging which display the DUB logo.

3. That Plaintiff be awarded damages covered by the acts of patent infringement of Defendant in an amount not less than a reasonable royalty pursuant to 25 U.S.C. § 284 or in an amount equal to Defendant's profits pursuant to 35 U.S.C. § 289, whichever is greater, and that such damages be trebled in accordance with the provisions of 35 U.S.C. § 284.

4. That Plaintiff receive judgment for all damages and its lost profits resulting from Defendant's trademark infringement and that such damages be

1. trebled in accordance with the provisions of 15 U.S.C. § 1117.

2.     5.    That Plaintiff be awarded punitive damages as a result of Defendant's willful acts of unfair competition.

3.     6.    That Defendant pay Plaintiff prejudgment interest on all infringement damages.

4.     7.    That Plaintiff have and recover its costs in this action including attorney's fees.

5.     8.    That Plaintiff have such other or further relief as the Court may deem just and proper.

DATED: May 3, 2016

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By /s/ David A. Dillard
    David A. Dillard

Attorneys for Plaintiff,
MOBILE HI-TECH WHEELS

1 **DEMAND FOR JURY TRIAL**

2 Plaintiff hereby makes demand for a jury trial of this action.

DATED: May 3, 2016

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By /s/ David A. Dillard
David A. Dillard

Attorneys for Plaintiff,
MOBILE HI-TECH WHEELS

GHK PAS1346439.2-*-05/3/16 3:05 PM

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE